# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>PREMIER ASSURANCE GROUP SPC LTD.,<br><br>       Debtor in a Foreign Proceeding.<br>_____/ | Chapter 15<br><br>Case No. 20-20230-RAM |
| JEFFREY STOWER and JASON ROBINSON, as Foreign Representatives of PREMIER ASSURANCE GROUP SPC LTD,<br><br>       Plaintiffs, | |
| v. | Adv. No. 22-01260-RAM |
| LEONARDO L. CORNIDE, INDIVIDUALLY AND AS TRUSTEE OF THE FALCON FAMILY IRREVOCABLE TRUST, JORGE E. FALCON INDIVIDUALLY AND AS TRUSTEE OF THE CORNIDE FAMILY IRREVOCABLE TRUST, JAVIER JIMENEZ (ALSO KNOWN AS JAVIER JIMENEZ, JR.), ANDRES ALOS, ALEXANDER GUERRA, AS TRUSTEE OF THE ANDRES ALOS FAMILY IRREVOCABLE TRUST, SILVERBACK CAPITAL PARTNERS LLC, BEAST CAPITAL LLC, 117 ALBATROSS LLC, 301 DALE LLC, 900 DALE LLC, 975 DALE LLC, PREFERRED BUSINESS SERVICES INC., PA MARKETING LTD., 45 SBH LLC, 1736 SBH LLC, 2000 SBH LLC, 2170 SBH LLC, 74560 SBH LLC, SILVERBACK INVESTMENTS LLC, 248 SILVERBACK INVESTMENTS LLC, 1901 SILVERBACK INVESTMENTS LLC, 1919 SILVERBACK INVESTMENTS LLC, SILVERBACK EQUITY PARTNERS LLC, SILVERBACK MANAGEMENT SERVICES LLC, SBH MANAGEMENT SERVICES LLC, SILVERBACK MIDTOWN, LLC, SILVERBACK VENTURES LLC, AND DOES 1-10,<br><br>       Defendants.<br>_____/ | |

## DALE ENTITIES' MOTION TO COMPEL

Defendants 301 Dale LLC, 900 Dale LLC, and 975 Dale LLC (collectively, the "Dale Entities"), by and through undersigned counsel, pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure as made applicable to this proceeding under Federal Rules of Bankruptcy Procedure 7034 and 7037, hereby move to compel Plaintiffs, Jeffrey Stower and Jason Robinson, in their capacity as Foreign Representatives of the Foreign Debtor, Premier Assurance Group SPC Ltd (the "Plaintiffs"), to organize and label the documents produced in response to the Dale Entities' Second Request for Production, dated May 2, 2024 (the "Second RFP"), to correspond to the categories in the Second RFP, and in support, state as follows:

## RELEVANT BACKGROUND

1. Plaintiffs commenced the underlying bankruptcy proceeding under Chapter 15 of the Bankruptcy Code on September 21, 2020 in the case *styled In re: Premier Assurance Group SPC LTD.*, case number Case No. 20-20230-RAM (the "Bankruptcy Case").

2. On September 19, 2022, two years after Plaintiffs filed their petition in the Bankruptcy Case, Plaintiffs filed their Complaint (the "Initial Complaint") in the adversary proceeding no. 22-01260-RAM (the "Silverback Adversary"). Plaintiffs asserted several claims against the Founder Defendants, their related entities, and Javier Jimenez, their acting CFO. Plaintiffs also asserted claims against the Dale Entities, which have been exclusively owned and operated by , Andres Alos, and Alexander Guerra as Trustee of the Andres Alos Family Irrevocable Trust since 2018. (ECF. No. 1).

3. On March 1, 2024, Plaintiffs filed their *Motion for Leave to File an Amended Complaint and Incorporated Memorandum of Law* (ECF No. 173) (the "Motion for Leave") seeking leave to file a 109-page amended complaint (excluding exhibits) (the "Amended Complaint").

4. On April 27, 2024, this Court entered an Order granting Plaintiffs' Motion for Leave (ECF No. 197), making the Amended Complaint the operative pleading in this case.

4. On May 2, 2024, the Dale Entities served Plaintiffs with the Second RFP. A copy of the Second RFP is attached hereto as **Exhibit "A."**

5. Nearly every request in the Second RFP seeks documents that support specific allegations from the Amended Complaint. Each allegation identified in the Second RFP is quoted directly from the Amended Complaint and identified by paragraph number.

6. On June 3, 2024, Plaintiffs served their Response to the Second RFP. A copy of Plaintiffs' Response to the Second RFP is attached hereto as **Exhibit "B."**

7. In the Response, Plaintiffs agreed to produce documents responsive to the Second RFP, subject to the caveat that "Plaintiffs have not completed their investigation of the identified allegation of the Complaint." *See generally* Exhibit B.

8. On June 4, 2024, counsel for the Dale Entities contacted Plaintiffs' counsel to confirm that Plaintiffs' production of responsive documents would be organized and labeled to correspond to the categories in the Second RFP, as required by Fed. R. Civ. P. 34(E).

9. In response, Plaintiffs' counsel advised that Plaintiffs produced the responsive documents "as they are kept in the ordinary course[,]" and therefore, Plaintiffs were not required to organize and label the documents to correspond with the requests in the Second RFP.

10. Plaintiffs' counsel further advised that responsive documents were identified through a manual review of the Captured Data.

11. Plaintiffs subsequently produced approximately 2,000 pages-worth of documents, consisting of Tiff Image files, text files, and 12 Excel Spreadsheets in native format.

12. Counsel for the Dale Entities advised Plaintiffs' counsel that a manual review and selection of documents from the universe of Captured Data does not constitute production of documents as they are maintained in the ordinary course. Therefore, Plaintiffs are required to organize and label the documents to correspond with the requests in the Second RFP.

13. Despite counsel for the Dale Entities' repeated good-faith attempts to confer and resolve this matter, Plaintiffs' continued refusal to fulfill their obligations under Fed. R. Civ. P. 34(b)(2)(E) necessitates this Court's intervention.

## MEMORANDUM OF LAW AND ARGUMENT

Federal Rule of Civil Procedure 37(a)(3)(B) authorizes a party seeking discovery to "move for an order compelling an answer, designation, production, or inspection" where the responding party fails to comply with its obligations under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure requires that a party producing electronically stored information ("ESI") "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(2)(E)(i). "Rule 34 is generally designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 291160 (S.D. Fla. Feb. 5, 2009) (quoting *Williams v. Taser Int'l, Inc.*, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006)) (cleaned up).

### A. PLAINTIFFS DID NOT PRODUCE RESPONSIVE DOCUMENTS AS THEY ARE MAINTAINED IN THE ORDINARY COURSE

The producing party bears the burden of demonstrating that the documents were actually produced as they are maintained in the ordinary course. *See Boldstar Tech., LLC v. Home Depot, U.S.A. Inc.*, 07-80435-CIV, 2008 WL 11320007, at *4 (S.D. Fla. June 5, 2008). "[S]imply

producing a mass of documents with the assurance that they are produced in the same manner as they are kept in the ordinary course of business does not automatically satisfy a party's obligation under Rule 34(b)(2)(E)(i)." *In re Mentor Corp. Obtape Transobturator Sling Products Liab. Litig.*, 2009 WL 152495, at *2 (M.D. Ga. Jan. 22, 2009).

Moreover, "where a producing party's activities are not routine and repetitive such as to require a well-organized record-keeping system—in other words where the records do not result from an ordinary course of business—the party must produce documents according to the sole remaining option under Rule 34: organized and labeled . . . to correspond to the categories in the request." *Liles v. Stuart Weitzman, LLC*, 09-61448-CIV, 2010 WL 11505129, at *7 (S.D. Fla. Apr. 22, 2010) (quoting *Securities and Exchange Comm'n v. Collins & Aikman Corp.*, 256 F.R.D. 403, 412-413 (S.D.N.Y. 2009)) (cleaned up). Similarly, documents collected during the course of an investigation and maintained in a large disorderly database—like the Captured Data—are not produced in the ordinary course. *See Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 701 (S.D. Fla. 2010) (citing *Collins & Aikman Corp.*, 256 F.R.D. at 412-413).[1]

Here, Plaintiffs' production in response to the Dale Entities Second RFP was not made in the ordinary course. Plaintiffs acknowledge that they manually reviewed the Captured Data to identify responsive documents. Plaintiffs also converted substantially all of the responsive documents from their native format for purposes of production. Plaintiffs produced individual documents—not entire folders or portions of the Captured Data as it is presently maintained. Accordingly, Plaintiffs have not produced responsive documents as they are maintained in the

---

[1] As another court explained, a "[p]roduction 'as kept in the ordinary course of business' generally requires turning over electronic documents in the format in which they are kept on the user's hard drive or other storage device. A file that is converted to another format solely for production . . . is not produced as kept in the ordinary course of business." *Teledyne Instruments, Inc. v. Cairns*, 6:12-CV-854-ORL-28, 2013 WL 5781274, at *9 (M.D. Fla. Oct. 25, 2013).

ordinary course, and are therefore required to organize and label such documents to correspond with specific requests in the Second RFP.

### B. EVEN IF PLAINTIFFS SATISFY THEIR BURDEN, PLAINTIFFS' PRODUCTION DOES NOT COMPLY WITH RULE 34.

Even if Plaintiffs could meet their burden of demonstrating that the documents produced in response to the Second RFP were produced as they are maintained in the ordinary course—which they cannot—Plaintiffs' production would still be deficient under Rule 34.

When producing documents as they are maintained in the ordinary course, the producing party must still "either direct the responding party to the location or locations within its files where documents responsive to each of their specific requests may be found, or provide a key or index to assist the responding party in locating the responsive documents." *Michael K. Sheils Tr. v. Kuhn*, 2009 WL 10670734, at *2 (M.D. Fla. July 10, 2009); *see also Henderson v. Holiday CVS, L.L.C.*, 2010 WL 11505168, at *3 (S.D. Fla. Aug. 11, 2010) (party producing documents as they are kept in the ordinary course is obligated to "organize the documents in such a manner that the requesting party can reasonably locate which documents are responsive to its specific requests[.]"). "It is beyond reasonable dispute that a party fails to meet its obligations under Rule 34 if it simply provides . . . files in an undifferentiated mass." Liles v. Stuart Weitzman, LLC, 2010 WL 11505129, at *7 (quoting *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2009 WL 152495, at *2 (M.D. Ga. Jan. 22, 2009)).

Plaintiffs have not produced responsive documents in a manner that enables the Dale Entities to locate which documents are responsive to a particular request. Plaintiffs have similarly failed to provide any direction to assist the Dale Entities with identifying such documents. Finally, Plaintiffs have refused to provide an index of the Captured Data on several occasions. Accordingly, even if Plaintiffs can demonstrate that they produced responsive documents as they are maintained

in the ordinary course, Plaintiffs must either direct the Dale Entities to the location of documents responsive to its Second RFP or provide a key or index to assist the Dale Entities with identifying such documents.

### C. THE DALE ENTITIES ARE ENTITLED TO RECOVER THEIR REASONABLE COSTS AND EXPENSES INCURRED IN FILING THIS MOTION.

"Rule 37 gives a court discretion to decide how best to respond to a litigant's failure to make a required disclosure . . . ." *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). Rule 37(a)(5) provides that when a motion to compel is granted for failure to disclose requested information, the Court *must* require the party or the attorney advising the conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5) (emphasis added). The Court is not required to formally issue an order compelling discovery before sanctions are authorized. *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1330 (11th Cir. 2023).

Accordingly, the Dale Entities are entitled to recover their reasonable costs and expenses incurred in bringing this Motion as a result of Plaintiffs' failure to fulfill their obligations under Rule 34.

### CONCLUSION

As set forth above, Plaintiffs have failed to comply with the obligations imposed by Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs did not produce responsive documents as they are maintained in the ordinary course, and even if they did, the manner of production does not enable the Dale Entities to reasonable identify which documents are responsive to each request. Accordingly, the Dale Entities respectfully request that the Court enter an Order: (i) compelling Plaintiffs to organize and label their production to correspond with specific requests in the Dale Entities' Second RFP; (ii) imposing sanctions against Plaintiffs in the form of the reasonable costs

and expenses the Dale Entities incurred in bringing this Motion; and (iii) granting such further relief as the Court deems proper under the circumstances.

## CERTIFICATION OF CONFERRAL

Undersigned counsel for the Dale Entities certifies that they made good-faith efforts to resolve the matters detailed herein with opposing counsel via e-mail on June 4, 6, 11, and 14, 2024, and in-person on June 10, 2024, but were unfortunately unable to come to a resolution regarding the issues raised herein.

Dated: June 14, 2024

Respectfully submitted,

**BAST AMRON LLP**
*Counsel for the Defendants Andres Alos, Esq., Alexander Guerra, as Trustee of the Andres Alos Family Irrevocable Trust, 301 Dale LLC, 900 Dale LLC, and 975 Dale LLC*
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: 305-379-7904
Facsimile: 786-206-8740
Email: bamron@bastamron.com
Email: lcarreras@bastamron.com
Email: hgrasso@bastamron.com

By: */s/ Hunter J. Grasso*
   Brett M. Amron, Esq. (FBN 148342)
   Lissette M. Carreras, Esq. (FBN 018079)
   Hunter J. Grasso, Esq. (FBN 1031416)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF to those registered to receive notice in this case on the 14th day of June, 2024 as follows

By: */s/ Hunter J. Grasso*